**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

COURTNEY HUMISTON,

Plaintiff,

v. Case No. 8:26-cv-2073-TPB-NHA

ADVENT HEALTH TAMPA,

Defendants.
______________________________/

**ORDER GRANTING IN PART "MOTION TO DISMISS *PRO SE* PLAINTIFF'S AMENDED COMPLAINT" AND DENYING AS MOOT "PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT"**

This matter is before the Court on Defendant University Community Hospital, Inc. d/b/a AdventHealth Tampa's "Motion to Dismiss *Pro Se* Plaintiff's Amended Complaint," filed on September 2, 2026. (Doc. 16). Plaintiff Courtney Humiston filed a response in opposition on September 23, 2026, along with a motion for leave to file a second amended complaint. (Docs. 23; 24). After reviewing the motions, amended complaint, court file, and the record, the Court finds as follows:

**Background**[1]

This case arises from Plaintiff Courtney Humiston's employment with Defendant University Community Hospital, Inc. d/b/a AdventHealth Tampa and

[1] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

her termination in May 2025. Plaintiff worked for Defendant in various positions beginning in 2019. After returning to its cardiovascular research department in 2023, Plaintiff alleges that she reported regulatory and patient-safety concerns, including clinical tasks performed by unqualified personnel and adverse events that were not properly reported. Plaintiff took FMLA leave from November 2023 through February 2024. When she returned, she alleges that she faced an unsustainable workload, verbal harassment, and hostility concerning her use of leave.

Plaintiff transferred to Defendant's case management department in July 2024. She alleges that she continued to be targeted based on her use of FMLA leave and was pressured to work off the clock. Plaintiff took another period of FMLA leave from January to March 2025, during which she says Defendant required her to complete work-related training. When she returned, she was told to work additional weekend shifts to make up for time missed while on leave. On March 24, 2025, Plaintiff complained to her supervisors about disability discrimination and FMLA retaliation. She also reported that case managers were falsely documenting Medicare notices as signed when patients had not received or signed them. Plaintiff later refused a manager's instruction to leave part of a required PASRR document blank and reported disability discrimination and ethical violations to human resources. Defendant terminated Plaintiff on May 27, 2025.

Plaintiff filed this action *pro se* on July 20, 2026, asserting claims for disability discrimination and retaliation under the ADA, FMLA retaliation,

whistleblower retaliation under Florida and federal law, and sex discrimination under Title VII. On July 23, 2026, the Court dismissed the complaint without prejudice because it failed to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Among other things, the complaint contained no numbered paragraphs, did not adequately separate Plaintiff's causes of action, and failed to connect her factual allegations to the claims she sought to assert. The Court granted Plaintiff leave to amend and cautioned that failure to cure the deficiencies could result in dismissal with prejudice.

Plaintiff filed an amended complaint on July 29, 2026. She asserts claims for ADA disability discrimination (Count I), ADA retaliation (Count II), FMLA retaliation (Count III), whistleblower retaliation under Florida's Private Whistleblower Act ("FWA") and the federal False Claims Act ("FCA") (Count IV), and sex discrimination under Title VII (Count V). Defendant now moves to dismiss the amended complaint with prejudice.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual

allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## **Analysis**

### ***Shotgun Pleading***

Defendant argues that the complaint constitutes a shotgun pleading. A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendants

therefore cannot be "expected to frame a responsive pleading." *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun pleadings:

> (1) complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;
>
> (2) complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;
>
> (3) complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and
>
> (4) complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

The amended complaint is substantially more organized than Plaintiff's original complaint, but it still does not comply with the Federal Rules of Civil Procedure. Several counts of the amended complaint combine distinct causes of action in violation of *Weiland's* third category. Count I appears to assert both ADA discrimination and a disability-based hostile work environment claim. Count III refers to both FMLA retaliation and discrimination without clearly identifying the theory Plaintiff intends to pursue. Count IV combines claims arising under two

different statutes – the FWA and FCA. Count V likewise appears to combine disparate treatment and hostile work environment theories under Title VII. These distinct causes of action must be pleaded in separate counts.

The amended complaint is dismissed on this basis. Because Plaintiff is proceeding *pro se* and will be given one final opportunity to amend, the Court addresses the additional deficiencies identified by Defendant so that Plaintiff may cure them, if she can, in any second amended complaint.

***Count I – ADA Discrimination***

To state a claim for disability discrimination under the ADA, a plaintiff must plausibly allege that she has a disability, that she is a qualified individual, and that she suffered unlawful discrimination because of her disability. *See, e.g., Holly v. Clairson Industries, L.L.C.*, 492 F.3d 1247, 1255-56 (11th Cir. 2007). Plaintiff has not adequately alleged these elements. She alleges that she had a "serious health condition" that constituted a disability and substantially limited one or more major life activities, but she does not identify the alleged disability, the major life activity it substantially limited, or how it limited that activity. She also does not adequately allege that she was qualified to perform the essential functions of her position or allege facts plausibly showing that the challenged employment actions were taken because of her disability.

To the extent Plaintiff intends to assert a disability-based hostile work environment claim, she must plead that claim separately. The amended complaint

generally refers to harassment, hostility, and targeting but does not allege sufficient facts showing severe or pervasive harassment based on Plaintiff's disability.

Defendant's motion is granted as to Count I, with leave to amend. If Plaintiff intends to pursue either theory, she must plead each cause of action separately and allege facts supporting the elements of each claim.

***Count II – ADA Retaliation***

The ADA prohibits discrimination against an individual because that individual opposed an act or practice made unlawful by the ADA or participated in an ADA proceeding. 42 U.S.C. § 12203(a). To state a claim for ADA retaliation, a plaintiff must allege that she engaged in statutorily protected activity, suffered an adverse employment action, and that the adverse action was causally related to the protected activity. *Rohttis v. Sch. Dist. of Lee Cty.*, No. 2:21-cv-737-JES-NPM, 2022 WL 3028071, at *6 (M.D. Fla. Aug. 1, 2022) (Steele, J.). Plaintiff alleges that she "opposed" disability discrimination during the meeting on March 24, 2025, later reported disability discrimination to human resources, and was terminated on May 27, 2025. But she does not explain what conduct she believed constituted disability discrimination or what she communicated to Defendant when she opposed or reported that conduct. Merely alleging that Plaintiff "opposed" or "reported" disability discrimination does not provide enough factual information to plausibly allege protected activity. Defendant's motion is granted as to Count II, with leave to amend.

***Count III – FMLA***

The FMLA permits an eligible employee to take up to twelve weeks of leave for certain qualifying reasons, including the employee's own serious health condition. To qualify as an eligible employee, the employee generally must have worked for the employer for at least twelve months and completed at least 1,250 hours of service during the preceding twelve months. 29 U.S.C. §§ 2611(2)(A), 2612(a)(1)(D).

Plaintiff does not plead sufficient facts concerning her eligibility for FMLA protection or the serious health condition for which she took leave. Count III also does not clearly identify the FMLA claim she intends to pursue. Plaintiff alleges that Defendant required her to complete training while she was on leave, required her to work additional weekend shifts after she returned, and later retaliated against her for using FMLA leave. These allegations may implicate different rights under the FMLA, but Plaintiff combines them in a single count without clearly identifying whether she asserts interference, retaliation, or another theory. Defendant's motion is granted as to Count III, with leave to amend. If Plaintiff intends to pursue more than one FMLA theory, she must plead each cause of action separately and allege facts supporting the elements of each claim.

***Count IV – Florida Whistleblower Act***

The Florida Private Whistleblower Act prohibits an employer from taking retaliatory personnel action against an employee who objects to or refuses to participate in an activity, policy, or practice of the employer that violates a law,

rule, or regulation. § 448.102(3), *F.S.* Plaintiff alleges that Defendant's employees falsely documented Medicare notices as signed when patients had not received or signed them and that a manager instructed her to leave part of a PASRR document blank. But Plaintiff does not identify any law, rule, or regulation that this conduct actually violated. The Florida Supreme Court has held that § 448.102(3) requires an actual violation of a law, rule, or regulation rather than an employee's good-faith belief that the conduct was unlawful. *See Gessner v. Southern Co.*, No. SC2024-1835 (Fla. May 28, 2026).

Defendant's motion is granted as to Count IV, with leave to amend. If Plaintiff intends to pursue an FWA claim, she must plead it as a separate count and identify the law, rule, or regulation that Defendant allegedly violated, along with facts plausibly showing an actual violation.

***Count IV – False Claims Act Retaliation***

The FCA protects an employee from retaliation for lawful acts taken in furtherance of an FCA action or other efforts to stop violations of the FCA. 31 U.S.C. § 3730(h). To constitute protected activity, an employee's conduct must be based on a reasonable belief that the employer was violating, or soon would violate, the FCA. *Hickman v. Spirit of Athens, Ala., Inc.*, 985 F.3d 1284, 1288-89 (11th Cir. 2021). Because the FCA is concerned with false or fraudulent claims for payment presented to the federal government, a regulatory violation standing alone is not enough. *See id.* at 1289-90.

Plaintiff alleges that case managers falsely marked Medicare notices as signed when patients had not received or signed them and characterizes this practice as "Medicare billing fraud." But she does not allege facts showing how that conduct resulted in, or was connected to, a false claim for payment by the federal government. Without such facts, Plaintiff has not plausibly alleged that she engaged in conduct protected by the FCA merely by reporting the alleged falsification of Medicare-related records.

Defendant's motion is granted as to Count IV, with leave to amend. If Plaintiff intends to pursue an FCA retaliation claim, she must plead it separately and allege facts plausibly connecting her protected activity to an actual or suspected false claim for payment to the federal government.

***Count V – Title VII***

Count V asserts sex discrimination under Title VII. Defendant argues that Plaintiff failed to exhaust this claim because her EEOC charge asserted only disability discrimination and retaliation under the ADA. A plaintiff generally may not pursue a Title VII claim that falls outside the scope of the EEOC charge and an investigation that could reasonably be expected to grow from that charge. *See Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1279-80 (11th Cir. 2004).

The Court cannot resolve Defendant's exhaustion argument on the present record. Defendant repeatedly cites Plaintiff's EEOC charge as "Exhibit A," but no exhibit is attached to the motion. Plaintiff attached the EEOC's Determination and Notice of Rights to her original complaint, but that document does not include the

underlying charge or identify the claims asserted in it. Plaintiff also attached to the amended complaint Defendant's position statement responding to the charge. That position statement describes the charge as asserting disability discrimination and retaliation under the ADA, but it is Defendant's description of Plaintiff's charge, not the charge itself. Indeed, the position statement expressly states that it is based on Defendant's understanding of Plaintiff's allegations. The Court therefore cannot determine from the documents before it whether Plaintiff's Title VII claim falls outside the scope of her administrative charge. Defendant's motion is denied without prejudice to the extent it seeks dismissal based on failure to exhaust administrative remedies.

Count V is nevertheless subject to dismissal. Title VII prohibits an employer from discriminating against an employee with respect to the terms, conditions, or privileges of employment because of the employee's sex. 42 U.S.C. § 2000e-2(a)(1). Plaintiff alleges that a supervisor made derogatory comments concerning her status as a single mother and that she was mistreated as a "sole financial provider and single mother." But status as a single mother or parent is not itself a protected characteristic under Title VII, and Plaintiff does not allege sufficient facts plausibly showing that Defendant took an adverse employment action against her because of her sex. To the extent Plaintiff intends to assert a sex-based hostile work environment claim, she must plead that claim separately and allege facts supporting severe or pervasive harassment based on sex. Count V is therefore dismissed without prejudice and with leave to amend.

## Conclusion

The amended complaint remains an impermissible shotgun pleading and is due to be dismissed. Because the Court's prior Order focused largely on the form and organization of Plaintiff's original complaint, the Court will give Plaintiff one final opportunity to amend. This Order identifies additional substantive deficiencies Plaintiff must address in any second amended complaint.

## Warning to Pro Se Litigant

Plaintiff is advised that even pro se plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. Litigation – particularly in federal court – is difficult, and Plaintiff should consider hiring an attorney. If she is unable to afford counsel, she should consider the resources available to pro se litigants, including the Legal Information Program operated by the Tampa Bay Chapter of the Federal Bar Association, and the Middle District of Florida's guide to assist pro se litigants proceeding in federal court, which is located on the Court's website.

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

1. "Defendant AdventHealth Tampa's Motion to Dismiss Amended Complaint" (Doc. 16) is **GRANTED IN PART** and **DENIED IN PART**.
2. Defendant's motion is **GRANTED** to the extent that the amended complaint (Doc. 3) is **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

3. The motion is otherwise **DENIED WITHOUT PREJUDICE** , including to the extent Defendant seeks dismissal of Count V for failure to exhaust administrative remedies.
4. Plaintiff may file a second amended complaint on or before October 20, 2026. The second amended complaint must plead each separate cause of action in a separate count and allege sufficient facts supporting each claim. Failure to file an amended complaint as directed will result in this Order becoming a final judgment. Failure to correct the defects identified in this Order may result in dismissal with prejudice and without further leave to amend.
5. In light of the Court's dismissal with leave to amend, "Plaintiff's Motion for Leave to File Second Amended Complaint" (Doc. 23) is **DENIED AS MOOT**. To be clear, Plaintiff may file a second amended complaint as explained in this Order. She is not required to file the proposed amended complaint attached to her motion to amend.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 29th day of September, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE